UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

NATHAN JOUBERT                                              CASE NO. 6:22-CV-05495

VERSUS                                                              JUDGE JAMES D. CAIN, JR.

FOREMOST INSURANCE CO GRAND          MAGISTRATE JUDGE KAY
RAPIDS MICHIGAN

MEMORANDUM ORDER

Before the court is a Motion to Consolidate [doc. 24] filed by plaintiff under Federal Rule of Civil Procedure 42. Defendant Foremost Insurance Company of Grand Rapids, Michigan opposes the motion. Doc. 29.

I.
BACKGROUND

This suit arises from damage to property owned by plaintiff at 159 J West Lane, Lot 7, Rayne, Louisiana, in Hurricane Delta, which made landfall in Southwest Louisiana on October 9, 2020. Doc. 1. At all relevant times, the subject property and several others owned by plaintiff were insured under a policy issued by defendant. Doc. 17, atts. 2 & 3. Plaintiff, who was then represented by attorneys with the firm of McClenny Moseley & Associates, PLLC ("MMA"), filed suit in this court on October 4, 2022, alleging that defendant failed to timely or adequately pay him for his covered losses. He also filed suits through the same firm relating to alleged losses at other properties insured under the same policy. *See Joubert v. Foremost*, No. 6:22-cv-5497 (W.D. La.); *Joubert v. Foremost*, No.

6:22-cv-5500 (W.D. La.); *Joubert v. Foremost*, No. 6:22-cv-5503 (W.D. La.); *Joubert v. Foremost*, No. 6:22-cv-5510 (W.D. La.).

Soon after this suit and the related *Joubert* matters were filed, the court stayed all cases filed by attorneys associated with MMA due to the high volume of hurricane suits filed right before the two-year prescriptive deadline and the court's concerns about irregularities within those suits. Doc. 4. MMA and all attorneys associated therewith were suspended from practice in this district on March 4, 2023, based on evidence before this court and the Eastern District of Louisiana of the firm's misconduct. Doc. 10. New counsel enrolled on plaintiff's behalf on October 4, 2023. Doc. 15. Defendant then moved to dismiss the suit, arguing that plaintiff cannot meet the amount in controversy requirement of diversity jurisdiction because the property listed in the complaint is subject to a $30,000.00 limit of insurance. Doc. 17; *see* doc. 17, att. 3, p. 7. Plaintiff seeks to consolidate his hurricane suits and thereby meet the amount in controversy requirement by aggregating his claims. Doc. 24. Defendant opposes the motion, arguing that consolidation will have no impact on subject matter jurisdiction defects within the individual cases. Doc. 29.

## II.
### LAW & APPLICATION

Under Federal Rule of Civil Procedure 42, a court may consolidate actions that "involve a common question of law or fact." As defendant notes, however, consolidation is "intended only as a procedural device used to promote judicial efficiency and economy" and the underlying actions "maintain their separate identities." *Frazier v. Garrison ISD*, 980 F.2d 1514, 1532 (5th Cir. 1993). A court may not consider a motion to consolidate if

it lacks subject matter jurisdiction over an underlying suit. *See, e.g., Mina K. Sinacori, M.D., M.P.H., P.A. v. Memorial Women's Care, PLLC*, 2023 WL 1781811, at *4 (S.D. Tex. Feb. 6, 2023); *Andersen by and through Smith v. United States*, 2022 WL 4229315, at *4 (S.D. Miss. Sep. 13, 2022); *Walker v. Allstate Indem. Co.*, 2007 WL 2460985, at *3 (E.D. La. Aug. 24, 2007) (denying motion to consolidate as moot upon finding of no subject matter jurisdiction).

Plaintiff filed this matter in federal court based on diversity jurisdiction, 28 U.S.C. § 1332. Accordingly, the court will only have subject matter jurisdiction if there is complete diversity of citizenship and the amount in controversy exceeds $75,000. The limit of insurance on the subject property is $30,000.00 and plaintiff admits that he cannot satisfy this requirement with respect to his breach of contract and bad faith claims. The court thus lacks jurisdiction to consider his motion to consolidate.

### III.
#### CONCLUSION

For the reasons stated above, the Motion to Consolidate [doc. 24] is **DENIED AS MOOT**.

**THUS DONE AND SIGNED** in Chambers on the 27th day of December, 2023.

JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE